

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

Hon. Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-4929
Re: Under the facts submitted does a peace officer have the legal authority to arrest and search a person possessing liquor without a warrant of arrest?

 Your letter of October 9, 1942, requesting the opinion of this department on the above stated question, reads in part as follows:

 "Please answer the following question for me.

 "If a law enforcement officer suspects a person to be in possession of alcoholic beverages in a dry territory for purpose of sale and searches this person outside of his home and finds what he was looking for. Is it necessary for this officer to have a search warrant to lawfully search and arrest this person? Taking into consideration that the suspected person has been convicted of the same charge many times in the past."

 As we understand your request, you desire our opinion on the question, whether or not a peace officer can legally arrest and search a person under the facts submitted without a warrant of arrest.

 Generally speaking the laws of this State have expressly authorized peace officers to make arrests without warrants in a great many cases. (Articles 212-217, Vernon's Annotated Code of Criminal Procedure) Thus generally an arrest may be made when an offense which is a felony or which is against the public peace is committed in the presence or within the view of the arresting party, or when it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a certain party has committed a felony, and is about to escape. Other circumstances giving rise to authority to arrest without warrant are the verbal order of a magistrate before whom a felony or breach of the peace has been committed, or the existence of a city ordinance passed in conformity with State law and commanding search and arrest under prescribed conditions.

Under the Texas Liquor Control Act the possessing of liquor as defined in said act for the purpose of sale in a dry area is only a misdemeanor offense.   The possession of liquor for the purpose of sale in a dry area is not a breach of the peace within itself.  For the purpose of this opinion we assume that no city ordinance is involved.

We have carefully considered Article 666-20 and Article 666-44, Vernon's Annotated Penal Code, and have concluded that these statutes are not applicable to the question under consideration as the search of buildings, premises or vehicles of transportation is not mentioned in your inquiry.

In view of the foregoing you are respectfully advised that it is our opinion that the peace officer has no authority to arrest the person in question without a legal warrant of arrest.

In connection with the foregoing we wish to point out that it is a settled rule that no search warrant is essential in order to search the person of one lawfully under arrest for the purpose of finding and seizing dangerous weapons, the instruments or fruits of a crime, and such other things as may be of use as evidence on the trial.  Even in cases where the law permits an arrest without warrant the right to search the person arrested follows as an incident to the arrest, and this naturally implies a search contemporaneous with the arrest.  In the language of the United States Supreme Court (Agnello v. United States, 269 U.S. 20) frequently quoted and approved by the Texas Court:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruit or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted."

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 29, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN
AW: AMM:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant